Andrew D. Wright, #8857
Andrew B. McDaniel, #11070
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, Utah 84070
T:  (801) 532-7080
F:  (801) 596-1508
awright@strongandhanni.com
amcdaniel@strongandhanni.com

David M. Kupfer
Mark F. Hamilton
KENNEDYS CMK LLP
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
T:  (908) 848-6300
F:  (908) 848-6310
david.kupfer@kennedyscmk.com
mark.hamilton@kennedyscmk.com
Attorneys for Defendants PathPartner
Technology, Inc., and PathPartner Technology Pvt. Ltd.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE, INC.,<br>　　　Plaintiff,<br><br>v.<br><br>PATHPARTNER TECHNOLOGY, INC.<br>and PATHPARTNER TECHNOLOGY<br>PVT. LTD.,<br>　　　Defendants. | **MOTION TO DISMISS<br>FOR LACK OF PERSONAL<br>JURISDICTION AND FOR<br>JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:18-cv-427-JNP-PMW |

Defendants PathPartner Technology, Inc. and PathPartner Technology Pvt. Ltd., by and

through their attorneys, Strong & Hanni and Kennedys CMK LLP, pursuant to Federal Rule of

Civil Procedure 12(b), hereby submit their Motion to Dismiss for Lack of Personal Jurisdiction.

PathPartner, Inc. also moves for Judgment on the Pleadings pursuant to Federal Rule of Civil

Procedure 12(c). Defendants incorporate by reference the declarations of David M. Kupfer, Keshav Karunakar ("Karunakar Decl."), and Raman Narayanan ("Narayanan Decl."), and all exhibits thereto, filed contemporaneously with this Motion. In support of their Motions, Defendants state as follows:

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

This is an action by ClearOne, Inc. ("ClearOne"), a Utah corporation domiciled in the state of Utah, against defendants PathPartner Technology, Inc. ("PathPartner, Inc."), a California corporation with its principal place of business in California, and PathPartner Technology Pvt. Ltd. ("PathPartner Ltd."), a corporation formed under the laws of the country of India that maintains its principal place of business in Bangalore, India. *See* Karunakar Decl. at ¶ 4. ClearOne's claims derive from two contracts entered into by ClearOne and PathPartner Ltd.: (1) an agreement entitled "Software Development and License Agreement" entered into on or about November 18, 2014; and (2) a subsequent agreement, also captioned "Software Development and License Agreement," entered into on or about April 5, 2016 (collectively, the "Agreements").[1]

Although the written Agreements (referenced in ClearOne's complaint in this matter) demonstrate that PathPartner, Inc. is not a party to either Agreement, ClearOne's complaint nonetheless alleges that that ClearOne entered into the Agreements with *both* PathPartner Ltd. and PathPartner, Inc. (which ClearOne defines, collectively, in its pleading as "PathPartner").[2]

---

[1] The two (and only) parties to both of the Agreements are ClearOne and "PathPartner Technology Consulting Private Limited." On August 6, 2015, this Indian-based corporate entity was renamed "PathPartner Technology Pvt. Ltd." (i.e., defendant/entity previously defined herein as "PathPartner Ltd."). PathPartner, Inc. is *not* a party to either of the Agreements. *See* Karunakar Decl. and Narayanan Decl.

[2] ClearOne asserts all causes of action against this collective and fictional "PathPartner" entity. *See* ECF Doc. 3 at page 1.

The complaint further alleges that "PathPartner" (as defined by ClearOne) agreed "to develop certain software" for ClearOne's use. *See* ECF Doc. 3 at ¶ 10.

Thus, in its complaint, ClearOne alleges*, inter alia*, that *both* PathPartner, Inc. and PathPartner Ltd. breached the Agreements by failing to meet certain deadlines for the production of the software. Specifically, ClearOne alleges that both PathPartner companies breached the Agreements; breached a covenant of good faith and fair dealing; and were unjustly enriched. PathPartner Ltd., the only entity in privity with ClearOne, has correspondingly asserted counterclaims against ClearOne for its breach of contract and the duty of good faith and fair dealing; unjust enrichment; and for compensation based on a claim of *quantum meruit*. Specifically, PathPartner Ltd. Alleges that ClearOne requested that PathPartner Ltd. perform valuable services far beyond those that it agreed to provide under the Agreements but has failed to pay PathPartner Ltd. for such services.

PathPartner Ltd. and PathPartner, Inc. now move to dismiss ClearOne's complaint based on this Court's lack of personal jurisdiction. The only basis for personal jurisdiction alleged by ClearOne in its complaint is that the PathPartner companies – neither of which maintain a presence in nor have contacts with this district[3] – entered into a contract with a Utah corporation. *See* Karunakar Decl. and Narayanan Decl.

First, this lone fact is insufficient, as a matter of due process, to establish personal jurisdiction over PathPartner, Ltd. It would be fundamentally unfair to compel PathPartner Ltd. to defend a lawsuit, on the other side of the planet, merely because it contracted with a Utah company. The contracts between ClearOne and PathPartner Ltd. do not provide that a Utah

---

[3] As noted, PathPartner Ltd. Is an Indian-organized and India-domiciled company, and PathPartner, Inc. is a California corporation, based in California, with no operations in this District. *See* Karunakar Decl. at ¶¶ 4-8 and Narayanan Decl. at ¶¶ 7-11.

court would have jurisdiction. Indeed, the only reference in the Agreements to any U.S. forum is a provision, found at ¶ 14.1 of the initial agreement, providing that the laws of the state of Delaware govern the parties' contractual relations. PathPartner Ltd. neither performed the contract in Utah, nor was the product of PathPartner Ltd.'s services to be used exclusively in Utah. The only nexus between the Agreements and this District is that one of the contracting parties happens to be located in Utah. This is simply not a sufficient basis for personal jurisdiction over PathPartner Ltd.[4]

Second, even if the entry into a contract with a Utah corporation was alone sufficient to confer personal jurisdiction over PathPartner Ltd. (it is not), this Court would still lack jurisdiction over PathPartner, Inc. The complaint, as it must, refers to the Agreements and alleges that PathPartner, Inc. has breached such agreements, breached its duty of good faith and fair dealing, and has been unjustly enriched by this conduct. However, as is evident from the plain language of the Agreements, PathPartner, Inc. is not a party to either of them. Accordingly, it never had any obligation to perform any services under either of the Agreements and never performed any services for ClearOne or in support of PathPartner Ltd.'s performance of the Agreements. Narayanan Decl. at ¶¶ 4-6. Because PathPartner, Inc. is not a party to either of the Agreements, and indeed has no contacts whatsoever with the state of Utah, it is not subject to suit in Utah. *See* Narayanan Decl. Indeed, for this same reason, ClearOne's complaint in this matter, on its face, fails to state a viable cause of action as to PathPartner, Inc.

---

[4] In addition to the lack of contact specifically relevant to this claim, PathPartner Ltd. also has no contacts with the state of Utah that would subject it to the general jurisdiction of any Utah court. PathPartner Ltd. is not licensed to do business in Utah. It has no offices in Utah and no employees living in Utah. It has never sent anyone to visit Utah and conducts no business whatsoever in Utah. *See* Karunakar Decl. at ¶¶ 5-10.

and PathPartner, Inc. would be entitled to Judgment on the Pleadings even if this Court had proper jurisdiction over it.

As set forth below, PathPartner Ltd. is entitled to have the complaint against it dismissed based on lack of jurisdiction. PathPartner, Inc. is also entitled to have the complaint dismissed, both because this Court lacks jurisdiction, and because the complaint fails to state a viable cause of action.

## II.    ARGUMENT

### A.  Legal Standards for Establishing Personal Jurisdiction

Where jurisdiction is contested, the plaintiff bears the burden of establishing a *prima facie* demonstration of personal jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998); *Systems Designs, Inc. v. New Customware Co., Inc.*, 248 F. Supp. 2d 1093, 1095 (D. Utah 2003).  Personal jurisdiction over an out-of-state defendant exists only if the relevant state long-arm statute permits such jurisdiction, and the assertion of jurisdiction does not offend the due process clauses of the 5th and 14th Amendments. *Envirotech Pumpsystems v. Sterling Fluid Sys. AG*, 2000 U.S. Dist. LEXIS 16942 (D. Utah 2000) (unpublished); *ClearOne Communs., Inc. v. Bower*, 643 F.3d 735 (10th Cir. 2011). Because Utah's long-arm statute[5] authorizes jurisdiction to the fullest extent of the federal constitution, courts "need not conduct a statutory analysis apart from the due process analysis." *ClearOne Communs,*. 643 F.3d at 763*; SII MegaDiamond, Inc. v. American Superabrasives Corp.*, 969 P.2d 430 (Utah 1998) (citation omitted).

---

[5] Utah's long-arm statute provides, in pertinent part, as follows: "Any person … who in person or through an agent does any of the following enumerated acts, submits himself … to the jurisdiction of the courts of this state as to any claim arising out of or related to: (1) the transaction of any business within this state; (2) contracting to supply services or goods in this state; (3) the causing of any injury within this state whether tortious or by breach of warranty…" Utah Code Ann. § 78-27-24(1)-(3).

A court must analyze whether an assertion of personal jurisdiction satisfies constitutional due process in two steps. First, it must consider "whether the defendant has such minimum contacts with the forum state that he should reasonably anticipate being haled into court there." *ClearOne Communs,*. 643 F.3d at 763. This "minimum contacts" standard is satisfied by showing general or specific jurisdiction. *Id.* General jurisdiction is "the assertion of personal jurisdiction over a defendant due to the totality of the defendant's contacts with the forum state, regardless of whether such contacts are related or unrelated to the claim for relief." *Envirotech Pumpsystems*, 2000 U.S. Dist. LEXIS 16942, at *8-9. Specific jurisdiction "may be exercised only where 'the cause of action arises out of or has **substantial** connection with the [in state] activity," and arises only out of the actual transactions between the defendant and the forum state. *SII MegaDiamond*, 969 P.2d at 436 (emphasis added).

This is not the entire test, however. If a defendant is determined to have sufficient contact with the forum state through either general or specific jurisdiction, the court must next, and separately, determine whether exercise of personal jurisdiction over the particular defendant offends traditional notions of fair play and substantial justice. *ClearOne Communs,*. 643 F.3d at 763 ("Second, if the defendant has the minimum contacts with the forum state, we determine whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." (quoting *Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010)).

Here, it is clear that PathPartner Ltd. does not have contacts with Utah sufficient to confer either general or specific personal jurisdiction. *See, Hemisphere Mgmt. v. ComputerEase Software, Inc.*, 2006 U.S. Dist. LEXIS 87284 (D. Utah 2006) (unpublished) ("This court has held that '[t]he nexus requirement [necessary to confer personal jurisdiction] is not met whenever there is creation or breach of a contract with a Utah plaintiff.'" (quoting

*Stv Int'l Mktg. v. Cannondale Corp.*, 750 F. Supp. 1070, 1077 (D. Utah 1990)). Moreover, even if such contacts existed, exercise of personal jurisdiction over PathPartner Ltd. in this case would offend the traditional norms of fair play and substantial justice in violation of the due process clause in the 5th and 14th Amendments to the U.S. Constitution. Likewise, the documents referenced within ClearOne's complaint, as the sole basis for its claims, fail to provide any cognizable basis for this Court to exercise jurisdiction over PathPartner, Inc. Indeed, no such basis exists in any event.

### B. Neither PathPartner Entity Has Sufficient Contacts With The State Of Utah To Justify Jurisdiction

As noted above, the first step in analyzing whether an exercise of personal jurisdiction satisfies constitutional due process is the determination as to whether the defendant has sufficient contacts with the forum state to justify jurisdiction. The "minimum contacts" required to confer general jurisdiction versus specific jurisdiction are distinct; however, as discussed below, neither PathPartner entity has contacts with the state of Utah sufficient to confer either general or specific personal jurisdiction. Accordingly, this case should be dismissed in its entirety.

### i. There Is No Basis For General Jurisdiction

An out-of-state defendant must have "continuous and systemic general business contacts" with the state of Utah in order for a federal court sitting in Utah to exercise of general jurisdiction over that defendant. *Trujillo v. Williams*, 465 F.3d 1210, 1218 n. 7 (10th Cir. 2006). Courts consider a variety of factors in determining whether a defendant in fact has "continuous and systematic general business contacts," including whether the defendant is:

(1) engaging in business in this state;
(2) licensed to do business in this state;
(3) owning, leasing, or controlling property or assets in this state;
(4) maintaining employees, offices, agents, or bank accounts in this state;

(5)     present in that shareholders reside in this state;
(6)     maintaining phone or fax listings within this state;
(7)     advertising or soliciting business in this state;
(8)     traveling to this state by way of salespersons;
(9)     paying taxes in this state;
(10)   visiting potential customers in this state;
(11)   recruiting employees in the state; and
(12)   generating a substantial percentage of its national sales through revenue generated from in-state customers.

*Soma Medical Int'l v. Standard Chartered Bank,* 196 F.3d 1292, 1295-96 (quoting *Buddensick v. Stateline Hotel, Inc.,* 972 P.2d 928, 930-31 (Utah Ct. App.1998)).

In the context of this standard, and in a case that, like this one, involved a contract for software services, this Court specifically held that it lacked general jurisdiction over an out of state company that entered into a contract with a Utah plaintiff, even though its software had been sold to Utah customers, it paid royalties or commissions from a Utah-based distribution company, conducted business via a computer server located in Utah, owned a server located in Salt Lake City, and had business literature and web page designs made in Utah (among other things). *See Hemisphere Mgmt.*, 2006 U.S. Dist. LEXIS 87284 (D. Utah 2006) at *7-*8. In *Hemisphere,* an Ohio corporation ("ComputerEase"), entered into a contract with a Utah-based entity ("Hemisphere"). Indeed, in *Hemisphere* Judge Kimball considered this very argument and granted the out-of-state defendant's motion to dismiss for lack of jurisdiction, despite the contract between it and the Utah-based plaintiff, because although the act of contracting with a Utah company might represent one contact with Utah for the purpose of jurisdictional analysis, "[t]his single contact is insufficient to satisfy the 'minimum contacts' requirement, and fails to satisfy the Plaintiff's burden of establishing a *prima facie* case that jurisdiction exists." *Hemisphere Mgmt.*, 2006 U.S. Dist. LEXIS 87284, at *15-*16.[6] The Court found that

---

[6] Judge Kimball's holding has never been disturbed on appeal.

the remaining contacts with Utah were also too tenuous to confer general jurisdiction over the out-of-state software company. Here, Path Partner Ltd. has a lesser nexus to the State of Utah than did the out-of-state defendant in *Hemisphere*: Path Partner Ltd. did not sell its software to Utah customers, did not conduct business via a computer server located in Utah, does not own a server located in Salt Lake City, and did not have business literature and web page designs made in Utah. To paraphrase Judge Kimball's opinion in *Hemisphere*, the act of contracting with a Utah company "is insufficient to satisfy the 'minimum contacts' requirement, and fails to satisfy the Plaintiff's burden of establishing a *prima facie* case that jurisdiction exists." *Hemisphere Mgmt.*, 2006 U.S. Dist. LEXIS 87284, at *16.

PathPartner Ltd. meets none of the criteria required for general jurisdiction, and indeed has even less contact with the state of Utah than the software company in *Hemisphere*. It is both incorporated and maintains its principal place of business in Bangalore, India. All aspects of its business are located in India, including property, employees, bank accounts, business owners, telephone listings, and payment of taxes. *See* Karunakar Decl. at ¶¶ 5-10. No one associated with PathPartner Ltd. has ever traveled to Utah for any purpose, much less in connection with its contract with ClearOne. Moreover, PathPartner Ltd.'s contract with ClearOne, which was negotiated and executed remotely from its offices in Bangalore, is its *only* contact with the state of Utah. *See* Karunakar Decl. at ¶¶ 9-10. Accordingly, there is no basis to assert general jurisdiction in this Court over PathPartner Ltd.

The same is true for PathPartner, Inc., which has *no contacts* with this District whatsoever.  PathPartner, Inc. is a California-based entity. It has no business or contacts with Utah such that general personal jurisdiction is appropriate. *See* Narayanan Decl. at ¶¶ 7-11. Accordingly, this Court has general jurisdiction over neither PathPartner Ltd. nor PathPartner, Inc.

## ii.   There Is No Basis For Specific Personal Jurisdiction

The Tenth Circuit Court of Appeals has articulated the test for determining specific jurisdiction as follows:

> Under the specific-jurisdiction requirement, a plaintiff satisfies the minimum-contacts standard by showing that (1) the defendant has 'purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state,'; and (2) 'the litigation results from alleged injuries that arise out of or relate to those activities, [i.e., the nexus requirement],'

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153 (10th Cir. 2010) (internal citations                                                                                          omitted).

The "purposeful availment" requirement considers whether the defendant has engaged in activity which "create[s] a ***substantial connection*** with the forum state." *OMI Holdings*, 149 F.3d at 1092 (emphasis added). Courts examine the quantity and quality of the defendant's contacts with the forum state, to ensure that a defendant "will not be subject to the laws of a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Employers Mut.*, 618 F.3d at 1160 (citations omitted).

The "nexus" requirement considers whether a nexus exists between the defendant's forum-related contacts and the plaintiff's cause of action. The Tenth Circuit has not determined whether it follows a "proximate cause" approach (which analyzes whether any of the defendant's contacts within the forum are relevant to the merits of the plaintiff's claim) or a "but-for" causation approach (which is less restrictive and confers personal jurisdiction based on any event in the causal chain leading to the plaintiff's injury). *Employers Mut.*, 618 F.3d at 1160-61, citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 318-20 (3d Cir. 2007), *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F. 3d 1063, 1078 (10th Cir. 2008).

In the analogous *Hemisphere* case, however, this Court found that there was no specific personal jurisdiction because the nexus requirement is not met simply because a party enters into, or there is alleged breach of, a contract with a Utah plaintiff. *Hemisphere Mgmt.*, 2006 U.S. Dist. LEXIS 87284, at *13 ("This court has held that '[t]he nexus requirement is not met whenever there is a creation or breach of contract with a Utah plaintiff.'") (quoting *STV Intern. Marketing v. Cannondale Corp.,* 750 F.Supp. 1070 (D. Utah 1990)). Moreover, it was undisputed in that case that the president of the foreign defendant (ComputerEase) had visited Utah; that ComputerEase had paid commissions to Hemisphere under the parties' contract; that ComputerEase used computer servers that were located in Utah; and that ComputerEase even produced its promotional materials in Utah. *Id.* at *10. Nonetheless, this Court found the contacts insufficient to confer personal jurisdiction over ComputerEase. The Court cited ComputerEase's general absence from the state in support of its decision, noting that ComputerEase:

1) was not licensed to do business in Utah;
2) did not maintain employees, offices, agents, or bank accounts in Utah;
3) did not have shareholders residing in the state;
4) did not maintain phone or fax listings in Utah;
5) did not generate a substantial percentage of its national sales through revenue generated from in-state customers; and
6) did not pay taxes in Utah.

*Id*. at *8.

Put simply, the *Hemisphere* court held that because ComputerEase's contacts with Utah arose out the single contract that it had entered into with a Utah resident, the other factors (e.g., visiting the state, utilizing Utah-based equipment, etc.) were inconsequential as "this fact alone [a contract with a Utah-based entity] is typically regarded as insufficient to justify the exercise of jurisdiction over an out-of-state defendant." *Hemisphere Mgmt.*, 2006 U.S. Dist. LEXIS 87284, at *15-*16. The contract in *Hemisphere*, like the Agreements here, did not require

ComputerEase to actually conduct business in Utah. *Id.* at \*14-15 ("the contract allegedly breached by ComputerEase does not require that ComputerEase conducts business in Utah."). Likewise, under the Agreements, PathPartner Ltd. was specifically authorized to, and did, perform its obligations entirely outside the geographic boundaries of Utah. *See* Karunakar Decl. at ¶ 11. Where a defendant itself is not conducting or engaging in business in a forum state (selling, distributing, marketing products), there is not enough contact to satisfy due process.

In keeping with Judge Kimball's sound reasoning in *Hemisphere*, the mere fact that PathPartner Ltd. contracted with a Utah corporation, does not constitute the conducting of business in the state sufficient to establish jurisdiction over its person in a Utah court. *See Id.* at \*15-\*16. Judge Kimball reasoned:

> [T]he court recognizes that contracting with a Utah company may constitute *a contact* [singular] with Utah for jurisdictional purposes; however… *this fact alone is typically regarded as insufficient to justify the exercise of jurisdiction over an out-of-state defendant*. The only jurisdiction contact advanced by Hemisphere that is applicable to the causes of action in Hemisphere's complaint is that ComputerEase entered into a contract with Hemisphere, and Hemisphere alleges that ComputerEase has breached that contract. *This single contact is insufficient to satisfy the "minimum contacts" requirement, and fails to satisfy the Plaintiff's burden of establishing a prima facie case that jurisdiction exists*.

*Id.* at \*15-\*16 (emphasis added.)

Here, it cannot be disputed that the only thing evidencing *any contact* linking PathPartner Ltd. (an Indian entity) to Utah is the existence of the Agreements with ClearOne, which happens to reside in Utah. PathPartner Ltd. does not have any other contact with Utah or other Utah companies, has no offices, personnel, or contact with the state of Utah except through its contacts with ClearOne. *See* Karunakar Decl. at ¶¶ 5-10. Notably, no such additional contacts are alleged in ClearOne's complaint. As such, the Agreements themselves do not support a basis for a finding of personal jurisdiction over PathPartner, Ltd. *Far W.*

*Capital*, 46 F.3d 1071, 1079 (10th Cir. 1995) ("[T]he mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts."). In this same context – indeed with *far more* contacts – this Court has found, on multiple occasions, that contracting with a Utah plaintiff is insufficient to establish jurisdiction over a foreign defendant (i.e., the plaintiff cannot meet what is *plaintiff's burden*). *See Hemisphere Mgmt.*, 2006 U.S. Dist. LEXIS 87284, at *14; *Bathcrest, Inc.*, 417 F. Supp. 1236, 1242 (D. Utah 2006) ("merely doing business with a company that does business in a forum state is not enough to establish personal jurisdiction in that forum state.")

Here, there is no allegation that the Agreements were negotiated in Utah, created in Utah, performed in Utah, or breached in Utah. Absent some allegation some evidence to support such findings (and here there are none), a court should refrain from finding that a plaintiff has established, as it must, the necessary contacts for specific personal jurisdiction over a non-forum defendant. *See Far W. Capital*, 46 F.3d at 1079 ("[I]n order to resolve the jurisdictional question, a court must undertake a particularized inquiry as to the extent to which the defendant has purposefully availed itself of the benefits of the forum's laws."). The court in *Far W. Capital* held that even when a defendant places calls and corresponds with a plaintiff in the forum state, absent purposeful availment to the benefits of the forum state's law, there can be no personal jurisdiction. *Id.* Furthermore, PathPartner Ltd.'s entry into a contract with ClearOne is not evidence of intent to avail itself to the benefit of Utah's laws as Delaware law governs the Agreements. *See* Exhibits A and B. ClearOne has failed to allege sufficient contacts between PathPartner, Ltd. (and/or PathPartner, Inc.) to satisfy its burden with respect to jurisdiction. Accordingly, the complaint must be dismissed.

13

**C.** **Exercise of Personal Jurisdiction Over PathPartner Ltd. Would Offend the Traditional Notions of Fair Play and Result in Substantial Injustice to PathPartner, Ltd.**

Even if it is assumed that ClearOne can meet its burden of proving that PathPartner Ltd. has sufficient "minimum contacts" with the state of Utah for purposes of conferring personal jurisdiction (which, as demonstrated above, it cannot), assertion of personal jurisdiction would be unreasonable so as to offend the traditional norms of fair play and substantial justice, in violation of due process. The burden of proving that exercise of jurisdiction is unreasonable is on the defendant. *Employers Mut.*, 618 F.3d at 1161.

A court's analysis of this factor focuses on whether exercise of personal jurisdiction is "reasonable in light of the circumstances surrounding the case," which requires the weighing of five factors:

1) the burden on the defendant,
2) the forum state's interest in resolving the dispute,
3) the plaintiff's interest in receiving convenient and effective relief,
4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and
5) the shared interest of the several states in furthering fundamental social policies.

*Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005). Further, in assessing the reasonableness of jurisdiction, courts will consider the strength of the defendant's minimum contacts with the forum state: "the weaker the plaintiff's showing on minimum contacts, the less a defendant needs to show in terms of unreasonableness to defeat jurisdiction." *TH Agriculture & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007). The inverse is equally true: a strong showing of minimum contacts requires a substantial showing of unfairness to overcome jurisdiction. *See Ast Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008); *Pro Axess, Inc.*, 428 F.3d at 1280. Here, a review of the five factors set forth in *Pro Axess* – particularly in the context of

the negligible contact of any kind between PathPartner, Ltd. and Utah – indicates that the exercise of personal jurisdiction over PathPartner Ltd. would be unreasonable in this case.

### 1) The burden on PathPartner Ltd. is substantial

While not dispositive, the burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction. Where the defendant is from another country, this concern is heightened and great care and reserve should be exercised before personal jurisdiction is exercised over the defendant. *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 115 (1987); s*ee also Benton v. Cameco Corp.*, 375 F.3d 1070, 1079 (10th Cir. 2004) (citing *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1096 (10th Cir. 1998)). Here PathPartner Ltd. would be substantially prejudiced by having to litigate in Utah. PathPartner Ltd. is an Indian entity with no offices, employees, or other contacts in Utah. PathPartner Ltd. is not licensed or registered as a corporate entity in Utah. *See* Karunakar Decl. at ¶¶ 4-7. It would be gravely difficult and greatly inconvenient for the multitude of witnesses from a small company to travel halfway around the world for the depositions and discovery ClearOne will certainly seek. Under similar circumstances the Tenth Circuit has found personal jurisdiction to be inappropriate. *See Benton*, 375 F.3d 1070.

### 2) Utah does not have a significant interest

The forum state has a reduced interest in provide a forum for dispute resolution when its laws are not being applied. *See OMI Holdings*, 149 F.3d at 1096. There can be no dispute that the contracts at issue provide for the application of Delaware law. *See* Exhibits A and B. Indeed, even in cases where the plaintiff is a resident of the would-be forum state, where a foreign state's law is applicable, this factor does not weigh heavily in favor of either party. *Benton*, 375 F.3d at 1079 (finding that where the forum state's law is not applicable this factor

does not weigh in either party's favor) ("However, the parties agree that Canadian law will govern the dispute. Therefore, this factor does not weigh heavily in favor of either party.").

### 3) Plaintiff may obtain convenient and effective relief elsewhere

This factor considers whether the plaintiff may receive convenient and effective relief in another forum. *See Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1163 (10th Cir. 2010). Courts weigh this factor heavily in cases where a plaintiff's chances of recovery are greatly diminished by litigating in another forum due to the application of another forum's laws or that the burden of relocation may be so severe as to practically foreclose the suit. *TH Agric.*, 488 F.3d at 1294 (quotations omitted). Because Delaware law applies to the parties' contract, this factor is of diminished value here. There is nothing to suggest that ClearOne's chances of recovery are diminished by litigating in another forum and, again, the application of another forum's law is irrelevant because the matter is governed under Delaware law.

### 4) The interstate judicial system's interest in obtaining the most efficient resolution of controversies is not served by litigating in Utah

The Tenth Circuit has described this factor as asking "whether the forum state is the most efficient place to litigate the dispute." *See Benton*, 375 F.3d at 1080. The keys to this inquiry are the location of the witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation. *Newsome v. Gallacher*, 722 F.3d 1257, 1274 (10th Cir. 2013) (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1097 (10th Cir. 1998)). Based on the nature of the claims against PathPartner Ltd. most of the witnesses in the dispute are located in India. In fact, the majority of the witnesses identified in *both parties'* initial disclosures are Indian residents. Work under the contract was not performed in Utah and the relevant witnesses to the work performed and ClearOne's extra-contractual requests for

additional work are all located in India. *See* Karunakar Decl. at ¶ 11. There is no need for ClearOne to litigate the action in Utah to avoid piecemeal litigation and there is no suggestion that litigating the dispute in Utah is more efficient than India.

### 5) The shared interest of the several states in furthering fundamental social policies does not favor litigating in Utah

Litigating this matter in Utah will have no impact or advance any fundamental substantive policy, and accordingly, this factor is of minimal significance to the dispute at hand. *See Emplrs Mut.*, 618 F.3d at 1164. The state of Utah has no sovereign interest in interpreting its laws because Utah law is inapplicable, thereby devaluing its sovereign interest in the dispute.

In sum, the five "reasonableness factors" each weigh in favor of a finding that it is not reasonable to force PathPartner Ltd. to litigate in Utah. Even if the tremendous burden of forcing PathPartner Ltd., an Indian corporation, to litigate a world away in Utah is overlooked, the fact of the matter is that the majority of the witnesses and evidence is not located in Utah, Utah's laws are not at issue, and ClearOne faces no substantial difficulty or disadvantage in litigating elsewhere. For these reasons the exercise of personal jurisdiction over PathPartner Ltd. in Utah is not reasonable, is economically sound, and would offend traditional notions of fair play and substantial justice.

### D.  Defendant PathPartner, Inc. is Entitled to Judgment on the Pleadings

It is axiomatic that in order to pursue a breach of contract action there must be a contract between the parties. *Catlin v. Salt Lake City Sch. Dist.*, No. 2:08-cv-362-CW-PMW, 2013 U.S. Dist. LEXIS 188782, at *14 (D. Utah Jan. 25, 2013) (unpublished) ("As a general rule, none is liable upon a contract except those who are parties to it.") (quoting *Shire Dev. V. Frontier Invs.¸* 799 P.2d 221, 223 (Utah Ct. App. 1990)). Indeed, the Utah Supreme Court has

recognized that privity of contract is a prerequisite to holding one liable for a breach of contract. *See Walker Bank & Tr. Co. v. First Sec. Corp.*, 341 P.2d 944, 945 (Utah 1959). Here, PathPartner, Inc. is entitled to a judgment on the pleadings as it has been incorrectly identified as a party to the Agreements and, thus, incorrectly named as a defendant in this action. Under Federal Rule 12(c) a party may move for a judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is evaluated by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Utah Republican Party v. Cox*, 178 F. Supp. 3d 1150, 1157 (D. Utah 2016). The factual record for such a motion is the text of the challenged pleadings, which must plead factual details enough to make the claim plausible, rather than merely possible. *Id.* However, when a motion for judgment on the pleadings is filed and "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d); *see SEC v. Wolfson*, 539 F.3d 1249, 1264 (10th Cir. 2008).

Notably, however, when evaluating a Rule 12(b)(6) motion to dismiss (and similarly a motion for judgment on the pleadings), the court may consider the allegations of the complaint and any document attached to the complaint as an exhibit or referred to therein. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference.") (citations omitted). A motion for judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. *See Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).

In this case. Plaintiff ClearOne alleges in its complaint that ClearOne and PathPartner, Inc. entered into the November 18, 2014 and April 5, 2016 Agreements. *See* ECF Doc. 3 at ¶¶ 9, 15. ClearOne's complaint explicitly refers to both Agreements, making them appropriate for consideration in a motion for judgment on the pleadings. *See Smith*, 561 F.3d at 1098. However, a review of both agreements indicates that the only party to the agreements, other than ClearOne, is PathPartner Ltd. (i.e., the Indian Business Entity formerly known as "PathPartner Technology Consulting Private Limited"). *See* Exhibits A and B; Narayanan Decl. at ¶ 5. Nowhere in either of the Agreements is PathPartner, Inc. identified or referenced in any way. Nor is PathPartner, Inc. a signatory to either of the Agreements. *See* Exhibits A and B. Indeed, it is simply an indisputable fact that, notwithstanding ClearOne's demonstrably incorrect combination of the PathPartner entities in its complaint, there is no connection between PathPartner, Inc. and the Agreements. PathPartner, Inc. was not a signatory to either of the Agreements and had no role in the performance of the Agreements, at any stage. *See* Narayanan Decl. at ¶ 6. Very clearly there is no privity of contract between ClearOne and PathPartner, Inc., such that the complaint does not state a cause of action as to PathPartner, Inc.

For these reasons PathPartner, Inc. respectfully requests the Court grant its motion for judgment on the pleadings as to PathPartner, Inc.

## III.    <u>CONCLUSION</u>

Based on the foregoing, it is respectfully submitted that Defendants PathPartner Technology, Inc. and PathPartner Technology Pvt. Ltd.'s Motion to Dismiss Plaintiff's Complaint should be granted. Concurrently, PathPartner, Inc.'s motion for judgment on the pleadings should be granted as it is an improper defendant to this action.

Respectfully submitted,


/s/ David M. Kupfer
David M. Kupfer
Mark F. Hamilton
KENNEDYS CMK LLP
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
T:  (908) 848-6300
F:  (908) 848-6310
david.kupfer@kennedyscmk.com
mark.hamilton@kennedyscmk.com

Andrew D. Wright, #8857
Andrew B. McDaniel, #11070
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, Utah 84070
T:  (801) 532-7080
F:  (801) 596-1508
awright@strongandhanni.com
amcdaniel@strongandhanni.com


Attorneys for Defendants
PathPartner, Inc. and PathPartner
Technology, Pvt. Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2018, a true and correct copy of the foregoing was

served on the following parties via ECF:

James E. Magleby
Jennifer Fraser Parrish
MAGLEBY CATAXINOS & GREENWOOD, PC
170 S. Main Street, Suite 1100
Salt Lake City, UT 84101
magleby@mcgiplaw.com
parrish@mcgiplaw.com
Telephone: (801) 259-9000
Facsimile: (801) 359-9011


/s/ David M. Kupfer_____
David M. Kupfer