Andrew D. Wright, #8857
Andrew B. McDaniel, #11070
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, Utah 84070
T:  (801) 532-7080
F:  (801) 596-1508
awright@strongandhanni.com
amcdaniel@strongandhanni.com

David M. Kupfer
Mark F. Hamilton
KENNEDYS CMK LLP
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
T:  (908) 848-6300
F:  (908) 848-6310
david.kupfer@kennedyscmk.com
mark.hamilton@kennedyscmk.com
Attorneys for Defendants PathPartner
Technology, Inc., and PathPartner Technology Pvt. Ltd.

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE, INC.,<br>    Plaintiff,<br><br><br>v.<br><br>PATHPARTNER   TECHNOLOGY,   INC.<br>and    PATHPARTNER    TECHNOLOGY<br>PVT. LTD.,<br>    Defendants. | **REPLY   BRIEF   OF   DEFENDANTS<br>PATH PARTNER TECHNOLOGY, INC.<br>AND PATHPARTNER TECHNOLOGY<br>PVT. LTD.**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Case No. 2:18-cv-427-JNP-PMW |

Defendants  PathPartner  Technology,  Inc.  ("PathPartner,  Inc.")  and  PathPartner

Technology Pvt. Ltd. ("PathPartner Ltd.," collectively, "Defendants"), by and through their

attorneys, Strong & Hanni and Kennedys CMK LLP,  respectfully submit the within brief in

reply to the brief, certifications, and other papers filed by Plaintiff Clear One, Inc. ("ClearOne") in opposition to Defendants' Motion to Dismiss the Complaint Based on Lack of Personal Jurisdiction and for Judgment on the Pleadings (ECF Doc. 32) and in further support of such motion.

## I.   <u>Introduction</u>

ClearOne's opposition to Defendants' motion and Defendants' reply may be summarized as follows:

1. ClearOne argues that Defendants have waived their right to move for dismissal based on the absence of personal jurisdiction by reason of Defendants not having filed such motion before they filed their answer. However, Defendants pled lack of personal jurisdiction in their answer, thereby preserving such defense. *See* FRCP 12(b) ("[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or motion.")

2. ClearOne, in its argument that Defendants are subject to the jurisdiction of a Utah court, provide details of the process by which the ClearOne/PathPartner Ltd. contract was negotiated (between ClearOne, in Utah, and PathPartner Ltd., through its representatives in Indian and California), but such details fail to change the core issue: whether the fact that a foreign corporation entered into a contract to perform services for a Utah corporation, which contract does not provide for the exclusive jurisdiction of a Utah court, or that the foreign corporation would agree to be subject to the jurisdiction of a Utah court, are sufficient "minimum contacts" to subject the foreign corporation to suit in Utah. Due process requires more: were that the law, every individual or company that entered into business with a company or

individual located in Utah would be subject to suit there, despite having no physical presence or general or specific contacts with the state.

3. The details of the process by which the ClearOne/PathPartner Ltd. contract was negotiated also do not change the core issue presented by PathPartner, Inc.'s Motion for Judgment on the Pleadings, or raise a material issue of fact relating to such motion: PathPartner, Inc. was not a party to the ClearOne/PathPartner Ltd. contract, such that the causes of action alleged in the complaint (for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment) must fail: it is axiomatic that someone cannot breach a contract, or breach duties that derive from such contract, if the person was never a party to the contract.

II. **Defendants have not waived the Defense that the Court lacks Jurisdiction over Their Persons.**

Defendants' Thirteenth Affirmative Defense in the answer filed on July 25, 2018 (ECF Doc. No. 22) states:

**THIRTEENTH AFFIRMATIVE DEFENSE**

This court lacks personal jurisdiction over the answering defendants.

Defendants filed the within motion to dismiss for lack of personal jurisdiction on October 29, 2018.

FRCP 12(b) states that "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or motion." Defendants preserved their right to contest jurisdiction by having pled lack of jurisdiction as an affirmative defense and having filed a motion soon thereafter. *See Blueberry Hill LLC v. Shalom Int'l Corp.*, No. 2:17-CV-00385-DS, 2017 WL 5508347, at *1 (D. Utah Nov. 15, 2017) ("Shalom preserved those defenses [personal jurisdiction and venue] by asserting them in its answer.")

(unpublished); *QSG, Inc. v. Schlittler*, No. 2:11-CV-871-TC, 2012 WL 1493944, at *2 (D. Utah Apr. 27, 2012, unpublished) ("By raising its personal jurisdiction defense for the first time in its Answer, eClaimVision preserved the defense"). Even the assertion of a counterclaim in a party's answer is not deemed a waiver of a personal jurisdiction defense. *Campbell v. Bartlett*, 975 F.2d 1569, 1574 (10th Cir. 1992) ("We follow the rule that by filing a compulsory counterclaim a party does not waive Rule 12(b) objections"); *see also QSG, Inc. v. Schlittler*, No. 2:11-CV-871-TC, 2012 WL 1493944, at *3 (D. Utah Apr. 27, 2012) (unpublished) ("Accordingly, eClaimVision did not waive its defense of lack of personal jurisdiction when it asserted its counterclaims in the same pleading.").

*Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, 203 F.3d 835 (10th Cir. 2000), cited by ClearOne in its opposition brief, is distinguishable. In *Hunger U.S.,* defendant waited for more than three years after the commencement of the action and the dismissal of settled claims to raise the personal jurisdiction defense. Specifically, the Court in *Hunger U.S.* held that "[i]n the absence of a motion to dismiss, a party's continued participation in litigation is inconsistent with an assertion of lack of personal jurisdiction." *Id.* Defendant in *Hunger U.S.*, instead of first moving to dismiss based in lack of personal jurisdiction, first employed several procedural vehicles, including removing the action from Utah state court to federal court prior to raising the personal jurisdiction defense. The decision of the Court of Appeals—that defendant had, by its continued participation in litigation for three years prior to raising the personal jurisdiction defense, waived or should be estopped from raising a jurisdiction defense, does not apply here: Defendants brought their jurisdictional motion prior to the exchange of written discovery requests and 3 months after their answer was filed.

Accordingly, ClearOne's waiver argument is unavailing.

III.   **Neither PathPartner Entity has "Purposefully Availed" itself to Utah Jurisdiction**

ClearOne's recitation of the negotiations culminating in its contract with PathPartner Ltd. serves only to highlight the reason why defendants' jurisdictional motion should be granted: a foreign corporation's having contracted (once) with a company in a particular forum does not, alone, subject that foreign entity to the personal jurisdiction of a court in that forum. While ClearOne's opposition papers detail the process by which ClearOne and PathPartner Ltd. negotiated, performed, paid for, and ended a contractual agreement, its papers fail to establish what they must: that PathPartner Ltd. should have expected that it would be haled into court in the state of Utah.

The United States Supreme Court has held that where a foreign company has no offices in the forum state, neither pays taxes nor owns property in the forum state, and neither advertises in or sends employees to the foreign state, the facts generally do not show that the entity purposefully avails itself to the forum market. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011). While emails were sent to prospective PathPartner Ltd. customers, including one prospective customer that happened to be located in Utah, these emails were not specifically directed towards the state (or market) of Utah, or any other state, for that matter. The communications were industry-specific, and not directed towards any particular regional market. To this point, it is noteworthy that PathPartner Ltd. does not have any other customers located in in Utah or and has never directly solicited business in the state of Utah generally. ECF Doc. 32-4 at ¶ 8 ("PathPartner Ltd. has never specifically targeted Utah, businesses in Utah, or individuals in Utah…"). Absent these factors, there can be no specific personal jurisdiction over PathPartner Ltd. (or PathPartner, Inc.) in Utah.

### IV.   <u>A Single Contract is not a Basis for Personal Jurisdiction</u>

ClearOne's opposition papers, by reciting the particulars of the negotiation process with PathPartner, Ltd, seek to persuade the court that PathPartner, Ltd. had pervasive contacts with the state of Utah. Such particulars do not change the core issue: that the only contact between PathPartner Ltd. and the state of Utah is the contract between PathPartner Ltd. and ClearOne, which happens to be a Utah corporation. The process by which that contract was negotiated— how long it took, how many drafts of the contract were exchanged—is irrelevant: the fact that a contract took months or years to negotiate, or that there were 5, 15 or 50 drafts exchanged— does not augment a foreign corporation's contacts with the state of the other contracting party, such that at some point in time (or after a certain number of drafts of the contract are exchanged), personal jurisdiction over the foreign corporation attaches, as if by magic.

ClearOne's opposition papers merely describe such contract—the Software Development and License Agreement—as having been negotiated in three phases. The first phase – the Non-Disclosure Agreement between PathPartner Ltd. and ClearOne ("the NDA") was a first step in the contracting process, typical to many contracts between businesses with no prior relationship. The jurisdictional clause of Paragraph 15 of the NDA would only apply in the event of "any dispute hereunder." ClearOne has not alleged PathPartner Ltd.'s non-compliance with the NDA, nor do any of its claims derive from the NDA: rather, its complaint alleges Defendants' breach of a November 18, 2014 Software Development and License Agreement, which was modified by an April 5, 2016 Software Development and License Agreement. Very clearly, this lawsuit has no connection to the NDA, and is instead entirely about an alleged breach of the software development and license agreement – which 1) has no such jurisdictional clause, and 2) expressly requires application of Delaware law.

The second and third phases of the contract were the November 18, 2014 Software Development and License Agreement, which was modified by an April 5, 2016 Software Development and License Agreement. This Court has held a foreign entity's having contracted with a Utah corporation, in and of itself, is "insufficient to satisfy the 'minimum contacts' requirement, and fails to satisfy Plaintiff's burden of establishing a *prima facie* case that jurisdiction exists." *See Hemisphere Mgmt. v. ComputerEase Software, Inc.*, 2006 U.S. Dist. LEXIS 87284 AT *16 (D. Utah 2006) (unpublished). In *Hemisphere*, this Court explained the failure of plaintiff's jurisdictional arguments as follows: "[T]he only jurisdictional contact advanced by Hemisphere that is applicable to the causes of action in Hemisphere's complaint is that ComputerEase entered into a contract with Hemisphere, and Hemisphere alleges that ComputerEase breached that contract." *Id.* The same is true here. While ClearOne's opposition papers provide the parties' communications and negotiations relating to the formation of a contract, the fact remains that all of this activity was ancillary to the formation, performance, and alleged breach of a single contract for software deliverables. Having entered into a single contract with a Utah company for software deliverables is not sufficient to confer jurisdiction, such that defendants' motion must be granted.

Other courts in this Circuit have held that entering into a contract with a resident of a particular state does not amount to purposeful activity in that state. *See Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1254 (D. Colo. 2000), *aff'd,* 16 F. App'x 959 (10th Cir. 2001) ("The law is clear that a party does not submit itself to personal jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum.") (unpublished); *Cf. Encore Prods., Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1117 (D. Colo. 1999) ("the argument against personal jurisdiction carries more weight when the only basis for personal jurisdiction rests on the mere fact that another party to the contract is a

resident of the forum state."); *Ruggieri v. Gen. Well Serv., Inc.*, 535 F. Supp. 525, 532 (D. Colo. 1982) ("Because a forum-state resident is a party to the contract and it may be foreseeable that his rights in the forum state will be affected is not a sufficient basis for personal jurisdiction."). Indeed, a defendant's representatives may enter into the forum state to discuss the agreement or direct correspondence into the state (telephone calls, etc.) without subjecting the defendant to personal jurisdiction. *See Associated Inns & Rest. Co. of Am. v. Dev. Assocs.*, 516 F. Supp. 1023, 1026 (D. Colo. 1981) ("While it is true that the defendants voluntarily came to Colorado to discuss some details of the management agreement with plaintiff, I believe that 'basic considerations of fairness' under the International Shoe test dictate that these contacts are an insufficient basis for jurisdiction.").

There must be an affirmative showing that the defendant made deliberate efforts, either direct or indirect, to serve the forum "***market***". *Encore Prods., Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1117 (D. Colo. 1999) ("There is no evidence that Mr. Whalen made any deliberate efforts, either direct or indirect, to serve the Colorado market."). As in *Encore Prods.*, there is no evidence that PathPartner Ltd. (or PathPartner, Inc.) directed any activities into Utah beyond the bounds of its specific lone agreement with ClearOne. Accordingly, ClearOne has not, and cannot, show that PathPartner Ltd.'s contacts were such that it "took advantage of the market and laws" of this state such that personal jurisdiction is permissible. *See Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995).

In order for this Court to properly find that PathPartner Ltd. purposefully availed itself to the state of Utah, ClearOne must demonstrate that PathPartner Ltd.'s actions did more than target a forum resident—the forum ***itself*** must be the focal point. *See Am. Covers, Inc. v. Serious Scents, Inc.*, No. 2:13-CV-01032, 2014 WL 4956353, at *4 (D. Utah Oct. 1, 2014, unpublished) ("To be expressly aimed at the forum state, a defendant's actions must do more

than individually target a known forum resident. Rather, 'the forum state itself must be the focal point of the tort.'") (internal citations and quotations omitted). Where there is no evidence that a defendant's actions have any connection to the forum state beyond the plaintiff's corporate domicile, there are insufficient contacts to establish personal jurisdiction. *Id*. at *5 ("Because the court found 'no evidence that defendants' alleged torts had any connection to Utah beyond plaintiff's corporate domicile,' the court found insufficient contacts to establish personal jurisdiction.") (internal quotations and citations omitted). Indeed, the Tenth Circuit has taken "a somewhat more restrictive approach, holding that the forum state itself must be the 'focal point of the tort'" to find that a defendant has purposefully availed itself to the forum state. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1075 (10th Cir. 2008). Here, there simply is no evidence suggesting PathPartner Ltd. made any contacts with Utah beyond its specific communications with ClearOne. *See* ECF Doc. 32-4.

The mere fact that ClearOne and PathPartner Ltd. communicated by phone, email, and Skype is not sufficient to establish minimum contacts in Utah. Nonetheless, ClearOne's opposition to this motion relies almost entirely on the ***amount*** of emails and calls between the Parties to negotiate and perform the singular contract. Given the complex and technical nature of the specifications and technology involved, the number of communications is irrelevant: "[i]t is fundamental that the mere quantum of contacts between the forum and the defendant is not determinative of this [minimum contacts] issue." *Cont'l Am. Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1314 (10th Cir. 1982). The fact that ClearOne sent emails to PathPartner Ltd. and engaged in Skype calls to communicate its desired technical specifications to PathPartner Ltd. simply does not establish PathPartner Ltd.'s minimum contacts with the state of Utah. *See, Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) ("It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish

minimum contacts."); *Witte v. Heiting*, No. 2:05-CV-1046-TC, 2006 WL 3304342, at *3 (D. Utah Oct. 4, 2006), *aff'd sub nom. Witte v. Sloan*, 250 F. App'x 250 (10th Cir. 2007) ("The court finds these mailings and communications inadequate to establish minimum contacts with this forum.") (unpublished).

## V.   PathPartner, Inc. is Entitled to Judgment on the Pleadings

ClearOne's arguments focusing on the relationship between PathPartner Ltd. and PathPartner, Inc. are likewise unavailing: ClearOne entered into a contract with PathPartner Ltd., not PathPartner, Inc., and cannot state a cause of action for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment against a corporation with which it did not contract. *See Catlin v. Salt Lake City Sch. Dist.*, No. 2:08-cv-362-CW-PMW, 2013 U.S. Dist. LEXIS 188782, at *14 (D. Utah Jan. 25, 2013) (unpublished) ("As a general rule, none is liable upon a contract except those who are parties to it," quoting *Shire Dev. V. Frontier Invs.*¸ 799 P.2d 221, 223 (Utah Ct. App. 1990)).That PathPartner Ltd. and PathPartner, Inc. may not differentiate between themselves on LinkedIn does not alter the fact that ClearOne entered into a business agreement with one and not the other. The motion of PathPartner, Inc. for judgment on the pleadings should therefore be granted.

## VI.   Conclusion

Based on the foregoing, it is respectfully submitted that the motion of Defendants PathPartner Technology, Inc. and PathPartner Technology Pvt. Ltd. to dismiss the Complaint based on lack of jurisdiction should be granted. Concurrently, PathPartner, Inc.'s motion for judgment on the pleadings should be granted.

Respectfully submitted,


/s/ David M. Kupfer
David M. Kupfer
Mark F. Hamilton
KENNEDYS CMK LLP
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
T:  (908) 848-6300
F:  (908) 848-6310
david.kupfer@kennedyscmk.com
mark.hamilton@kennedyscmk.com

Andrew D. Wright, #8857
Andrew B. McDaniel, #11070
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, Utah 84070
T:  (801) 532-7080
F:  (801) 596-1508
awright@strongandhanni.com
amcdaniel@strongandhanni.com


Attorneys for Defendants
PathPartner, Inc. and PathPartner
Technology, Pvt. Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2018, a true and correct copy of the foregoing

was served on the following parties via ECF:

James E. Magleby
Jennifer Fraser Parrish
MAGLEBY CATAXINOS & GREENWOOD, PC
170 S. Main Street, Suite 1100
Salt Lake City, UT 84101
magleby@mcgiplaw.com
parrish@mcgiplaw.com
Telephone: (801) 259-9000
Facsimile: (801) 359-9011

/s/ David M. Kupfer_____
David M. Kupfer