IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLEARONE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>PATHPARTNER TECHNOLOGY, INC. AND PATHPARTNER TECHNOLOGY, PVT. LTD.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18-cv-427-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Defendants' Short Form Motion for an Order for Additional Time to Conduct Expert Discovery.[3] For the reasons set forth below, the motion is denied.

## BACKGROUND

In February 2021, ClearOne disclosed Stephen Gray and Ketan Merchant as experts in this action.[4] In April, ClearOne disclosed that Derek Graham would join Messrs. Gray and

---

[1] ECF No. 7.

[2] ECF No. 64.

[3] ECF No. 125.

[4] ECF No. 125-1 at 2 of 37.

Merchant as ClearOne's experts.[5] Because Mr. Graham and Mr. Merchant were employees of ClearOne and not retained experts, the April disclosure provided that, under Fed. R. Civ. P. 26(a)(2)(C), neither would provide a report, but instead would provide expert testimony about "the work described in pages 10 through 20" of the report from PathPartner's retained expert, Jeffrey L. Balyeat.[6] Specifically, Messrs. Graham and Merchant would testify that the work described in the above-referenced pages of Mr. Balyeat's report "was necessarily tied to and/or included in the requirements set forth in the parties' Software Development and License Agreement."[7]

Almost a month later, ClearOne again amended its expert disclosure.[8] This time, ClearOne withdrew Mr. Gray as an expert and disclosed that Messrs. Graham and Merchant would "offer expert opinions in response to the April 2, 2021, Expert Witness Report of Jeffrey L. Balyeat . . . ."[9] Because this description of the scope of Messr. Graham and Merchant's testimony was so limited, counsel for ClearOne sent an email that provided:

> With respect to the ClearOne employees that will provide expert testimony at trial (Derek Graham and Ketan Merchant), while we are not required to submit a "report" for these witnesses, we intend to provide a detailed document as to their testimony, well in advance of the date we decide to schedule their depositions, to assist you in your preparations of these depositions.[10]

---

[5] *Id*. at 23 of 37.

[6] *Id.* at 25 of 37.

[7] *Id*. at 25 of 37.

[8] *Id.* at 28 of 37.

[9] *Id.* at 30 of 37.

[10] *Id.* at 33 of 37.

However, this "detailed document" was never provided because on July 9, 2021, ClearOne made its fourth amended expert disclosure in which it limited the scope of Messrs. Graham and Merchant's testimony by expressly providing that they would "address section three of the Balyeat Report and opine that the work in each row of the table set forth on pages 10 through 20 . . . is not in fact work beyond the scope of the parties' agreement, based upon the language in the parties' agreement . . . ."[11]

Notably, PathPartner neither informally notified ClearOne that any of its four expert disclosures was insufficient under Fed. R. Civ. P. 26(a)(2)(C) nor filed a motion seeking to compel what PathPartner believed would be a compliant expert disclosure. Instead, on July 13, 2021, PathPartner noticed the depositions of Messrs. Merchant and Graham for July 23, 2021,[12] which was also expert discovery deadline.[13] However, on July 22, 2021, local counsel for PathPartner contacted counsel for ClearOne and stated that the depositions that PathPartner had noticed would not occur and requested an extension of the expert discovery cutoff until August 23, 2021. PathPartner did not provide any reasons either for the abrupt need to cancel the depositions that it had previously noticed or the need for the 30-day discovery extension.

When counsel for ClearOne refused to extend expert discovery as PathPartner had requested, PathPartner filed the instant motion.[14] PathPartner's motion claims that it was unable

---

[11] *Id.* at 36 of 37.

[12] ECF No. 126-1 at 2-6 of 7.

[13] ECF No. 110 at 1.

[14] ECF No. 125.

to adequately prepare for the depositions of Messrs. Graham and Merchant due to ClearOne's purportedly inadequate disclosure under Fed. R. Civ. P. 26(a)(2)(C).[15] PathPartner contends that ClearOne's disclosures were deficient because they failed to provide "an adequate 'summary of the facts and opinions to which the witness is expected to testify'. . . ."[16] PathPartner contends that this alleged deficiency precluded it from being able to determine whether each witness would testify about different facets of Mr. Balyeat's report and whether Messrs. Graham and Merchant could be precluded from testifying as experts given that they previously served as ClearOne's witnesses in depositions taken under Fed. R. Civ. P. 30(b)(6). Therefore, PathPartner argues, this court should either: (1) extend expert discovery until August 23, 2021, or, alternatively, (2) bar Messrs. Merchant and Graham from providing "duplicative expert testimony."[17]

      Although PathPartner requests the aforementioned alternatives for relief, it fails to articulate the standard that it must meet to attain either. Extensions of deadlines memorialized in a scheduling order are governed under Fed. R. Civ. P. 16(b)(4)'s "good cause" standard whereas motions to exclude expert testimony for inadequate disclosure under Rule 26(a) are governed under Fed. R. Civ. P. 37(c). As shown below, PathPartner fails to meet the "good cause" standard to extend the expert deadline and, at this time, does not have a ripe claim under Rule

---

[15] *Id.* at 3 of 8.

[16] *Id.* at 3 of 8.

[17] *Id.* at 6-7 of 8.

37(c). Therefore, the request to extend expert discovery is denied, and the request to exclude testimony under Rule 37(c) is denied without prejudice.

## ANALYSIS

### I. PATHPARTNER FAILS TO CARRY ITS BURDEN TO ESTABLISH GOOD CAUSE UNDER RULE 16.

PathPartner fails to meet its burden to establish good cause to extend expert discovery until August 23, 2021. Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent."[18] The "good cause" standard "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"[19] Where a party knows of a claim but fails to timely raise it, that party cannot establish good cause.[20]

Even assuming *arguendo* that ClearOne's Rule 26(a)(2)(C) disclosures were inadequate, PathPartner cannot show good cause here because it was aware of any purported expert disclosure deficiency for Messrs. Merchant and Graham in at least April 2021. Although counsel may be handling many cases and a great deal of action in this case, ClearOne's July disclosure certainly would have reminded PathPartner of these purported disclosure deficiencies. But, instead of voicing its concerns to ClearOne or to this court, PathPartner noticed the depositions for Messrs. Graham and Merchant <u>after</u> receiving the July 2021 expert disclosure. Indeed,

---

[18] Fed. R. Civ. P. 16(b)(4).

[19] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citations omitted; alteration in original).

[20] *Id.* (stating that party failed to meet "good cause" requirement under Rule 16 where it "had ample time to comply with the deadline established in the scheduling order" but failed to raise the tort claim about which the party was well aware long before the deadline).

PathPartner never raised any concerns about the sufficiency of the disclosure with ClearOne. In fact, the first time PathPartner communicated a concern about ClearOne's expert disclosures was in a motion to this court the day before expert discovery concluded.

PathPartner had a mechanism for addressing its disclosure concerns long before the eve of the discovery cutoff. Good cause does not allow PathPartner to do nothing about a potential objection that it has known about for months and then use that previously undisclosed objection as a means to secure an extension of time where, as here, diligent effort to address the concern could have easily occurred within the scheduling order's established deadline. Thus, even if ClearOne's Rule 26(a) disclosures were inadequate—which the court is not holding—PathPartner cannot establish "good cause" under Rule 16(b)(4), which requires denial of its motion.[21]

## II. PATHPARTNER'S RULE 37 REQUEST IS NOT RIPE.

PathPartner's Rule 37 request fails because it was inadequately briefed and, in any event, is not ripe for decision at this time. First, PathPartner devotes one line in its motion to excluding the testimony of Messrs. Graham and Merchant, which is insufficient to adequately raise the issue here.[22] Therefore, the court declines to address it.

---

[21] The court notes that PathPartner's reliance on the short form discovery briefing for this issue was not proper. The District of Utah's short form discovery procedure applies to "a dispute arising under Fed. R. Civ. P. 26-37 and 45." DUCivR 37-1(a)(1). Extending deadlines under Rule 16 does not fall within the scope of the short form discovery rule and, therefore, the court treated this motion in the normal course of litigation. DUCivR 7-1.

[22] *See, e.g., MK Int'l LLC v. Crown Prods. & Servs. Inc.*, 812 F. App'x 740, 745 (10th Cir. 2020) (rejecting one-sentence argument as inadequately briefed). In any event, to exclude Messrs. Graham and Merchant as expert witnesses under Rule 37(c), the court would need to address the

Second, and more importantly, even if adequately briefed, the court declines to decide the Rule 37 issue now because it is not ripe. Excluding experts based on inadequate disclosures is governed under Fed. R. Civ. P. 37(c), which provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.[23]

ClearOne is not currently proffering the expert opinions of either Messrs. Graham or Merchant in a motion, at a hearing, or at trial. Until it does so, the court is entirely without any useful context to determine the propriety of ClearOne's expert disclosure. Waiting until the court can see the specific context in which ClearOne seeks to introduce the opinions of Messrs. Graham and Merchant will be useful to determining the propriety of ClearOne's expert disclosure.

Further, because Messrs. Graham and Merchant were previously deposed as Rule 30(b)(6) witnesses for ClearOne, having additional context in a motion, hearing, or trial will be necessary to determine whether both witnesses are providing testimony as experts or in their fact-based employment capacity for ClearOne. Therefore, even if PathPartner had adequately briefed excluding Messrs. Graham and Merchant as expert witnesses under Rule 37(c), the court declines to rule because the issue is not ripe and further context will assist the court in reaching that determination.

---

factors in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). There is no briefing on this important issue which precludes the court from wading into it.

[23] Fed. R. Civ. P. 37(c).

## ORDER

For the reasons stated above, PathPartner's motion to extend expert discovery (i.e., ECF No. 125) is DENIED.

DATED this 20th day of August 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge